IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY S. TWITTY, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  07-3186-MLB |
| | ) | |
| NOLA FOULSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Procedural History

Plaintiff, proceeding pro se, was (or is) confined at the Larned, Kansas Correctional Mental Health facility.  He filed his complaint on July 19, 2007 and was granted leave to proceed in forma pauperis. Applications for appointment of counsel have been denied twice (Docs. 1, 7 and 39).  The case was reassigned to the undersigned judge on November 23, 2007 (Doc. 8).  All defendants filed motions to dismiss (Docs. 24, 25 and 26).  Responses and replies to the motions to dismiss were filed (Docs. 32, 33 and 35) and the court, by order of June 2, 2008, converted the motions to dismiss to motions for summary judgment (Doc. 39).  Supplemental memoranda were filed by plaintiff and defendants Holladay and Plowden (Docs. 40 and 41).  Thereafter, plaintiff voluntarily dismissed defendants Foulston and Breitenbach (Docs. 42 and 44), leaving only Holladay and Plowden as defendants. On July 17, 2008, plaintiff filed a "Notice of Service" announcing that Sedgwick County Sheriff Gary Steed will be added as a defendant (Doc. 43) and on July 23, 2008, plaintiff filed an "Amended and Supplemental Pleadings" naming Steed as a defendant (Doc. 45).  A

proposed amended complaint was not filed and the specifics of plaintiff's claims against Sheriff Steed are unknown. However, briefing is complete on defendants Holladay and Plowden's motion for summary judgment.

## Nature of the Case

Plaintiff filed this case pursuant to 42 U.S.C. § 1983 claiming that he was not given jail credit and, as a result had to serve 135 days' confinement beyond the expiration of his sentence. The facts relevant to the motions of defendants Holladay and Plowden are not disputed.

On September 9, 2004, defendant was sentenced to a 12 month term of imprisonment but, upon the recommendation of the prosecutor, was granted probation with community corrections residential placement. Defendant received 171 days jail credit. Thereafter, on September 28, 2004, plaintiff was reconfined for a traffic violation and apparently remained in custody until January 6, 2005 when he was again released to community corrections. In his complaint, plaintiff asserts that while in the community corrections residential program, he ". . . on several occasions stated that he was being held unlawfully, staff never checked to verify plaintiff's claim. On 7/11/05, plaintiff decided to leave the facility, the day the plaintiff left he had served 448 days, 83 days over the mandated sentence of 12 months in prison ordered by the courts." Not surprisingly, in view of plaintiff's unilateral decision to elope from the community corrections residential program, he was rearrested on October 10, 2005. Plaintiff claims he spent another 52 days in jail before Sedgwick County District Judge Gregory Waller awarded him 500 days of

jail credit. Plaintiff asserts that when he was released, he had served 135 days over his original 12 month prison sentence. The only relief he seeks is money damages.

Plaintiff originally claimed that the prosecutors (Foulston and Breitenbach) somehow were to blame for his additional custody but, as previously noted, he has dismissed his claims against them. Aside from being named in the caption as community corrections residential counselors, plaintiff's complaint does not mention defendants Holladay and Plowden. (Doc. 1).

On January 28, 2008, defendants Holladay and Plowden filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 24) which now has been converted to summary judgment. When plaintiff filed his response to the motion to dismiss (Doc. 32), it finally came to light that Holladay was the director of the community corrections program and Plowden was plaintiff's counselor. Plaintiff alleges that he complained on several occasions and in meetings that he was being unlawfully held and "both Holladay and Plowden refused to listen to Twitty's complaint in order to continue the budgeting process of Twitty's money being received from his employment as a manager at Cherry Orchard Furniture. Twitty was told that he would not be able to leave the facility until his last check had been budgeted through their account and after moneys were seized he was free to go. Twitty apparently had been free to go long before his over incarcerated date as records clearly." Plaintiff asserts that his constitutional rights were violated by his incarceration beyond his alleged release date but continues to claim that defendants Holladay and Plowden were negligent. Constitutional rights cannot be violated by negligent

conduct.

Defendants Holladay and Plowden admit that they are community corrections officers and assert that plaintiff's claims against them are barred by the statute of limitations and by qualified immunity. In his response, plaintiff goes on at length regarding qualified immunity (Doc. 41). However, he does not mention the statute of limitations.

### Discussion

The rules regarding summary judgment are well known and will not be detailed here. There are no disputed material facts pertaining to defendants' statute of limitations defense. Assuming the truth of plaintiff's contentions that he made Holladay and/or Plowden aware of his claims about jail credit, whatever plaintiff told them, and whatever they did or did not do, had to occur prior to July 1, 2005 when plaintiff eloped from the community corrections program. Plaintiff filed this case on July 19, 2007, more than two years after he eloped. Therefore, any claim plaintiff may have under 42 U.S.C. § 1983 is time-barred. Brown v. Unified Sch. Dist. 501, 465 F.3d 1184, 1188 (10th Cir. 2006). Laurino v. Tate, 220 F.3d 1213, 1216 (10th Cir. 2000).

Because defendants are entitled to summary judgment on their statute of limitations defense, it is unnecessary to consider their qualified immunity defense.

### Conclusion

Accordingly, defendants Holladay and Plowden's motion for summary judgment is granted. The clerk will enter judgment in accordance with Fed. R. Civ. P. 58. Pursuant to Rule 54(b), the court expressly

determines that there is no just reason for delay.

     IT IS SO ORDERED.

     Dated this <u>  29th  </u> day of July 2008, at Wichita, Kansas.

                                        <u>s/ Monti Belot                   </u>
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE